FLORA DELLING

*v.*

JOHN BILL et al.

[Decided December 10th, 1919.]

1. Legal title to land affected by a trust is not in abeyance pending the appointment of a new trustee in the place of the original trustee who renounced.

2. In partition by one claiming title under a sheriff's deed given pursuant to a judicial sale in a suit at law by the complainant against an administrator *cum testamento annexo*, the *cestuis que trustent* and the heir of the decedent on a claim existing against the decedent in his lifetime, the chancellor is bound to accept and give effect to the prior adjudications and proceedings of the supreme court, and their validity and effect cannot be collaterally impeached in this court in a partition suit.

3. The rights of a co-tenant are not affected by judgments against the interests of the other tenants in common.

4. A co-tenant is always subject to partition at the hands of the other tenants in common, and always has the right to enforce partition himself, if he desires to do so.

On bill for partition.

*Mr. Joseph A. Furrey,* for the complainant.

*Mr. William G. Hille,* for the defendants.

LEWIS, V. C.

On the facts as submitted it is contended by defendants that the legal title is not so clearly established in complainant as to permit her to maintain partition. Indeed, this issue is specifically raised by an appropriate pleading which denies complainant's legal title. Complainant claims title by virtue of a sheriff's deed given pursuant to a judgment, levy and sale in a suit at law brought by complainant against the administrator *cum testamento annexo,* the *cestuis que trustent,* and the heir on a claim existing against the decedent in his lifetime.

The additional brief of complainant sets forth a number of facts and proceedings with regard to the recovery of the judgment at law, and it appears from it that the issues were raised by appropriate answer in behalf of an infant defendant, and that Mr. Clifford L. Newman, supreme court commissioner, to whom the matter was referred by Mr. Justice Minturn, made a report with respect to the situation upon which the judgment was entered.

The matters set forth in this brief appear in the pleadings, in the present case, upon which the issues involved were submitted for determination. No proofs were taken.

The contention of complainant's counsel is, that title is complete in complainant through the sheriff's deeds, and that the title is unassailable collaterally in this court in the present proceeding.

On the other hand, counsel for the defendants contends that the judgment obtained by the present complainant against the parties in both of her suits at law, did not become liens against the premises described in the bill of complaint. Consequently, when executions were issued on those judgments, and a sale of the premises was effected thereunder, no legal title passed by virtue of the deeds given by the sheriff. His contention is

based upon the theory that legal title vested in the trustee by the terms of the testator's will; and that when the trustee therein named renounced, the legal title was in abeyance until a new trustee should be appointed; and that, therefore, the judgments recovered against the other parties named in nowise affected the legal title, and hence, complainant acquired no legal title to the premises in question under the sheriff's deeds referred to; which purported to convey only the right, title and interest, legal and equitable, of the parties involved, in the premises in question. He, therefore, denies the complainant's right to partition.

But, whatever doubt there may be regarding the legal title resolves itself into what seems clearly to be a question of law, rather than of facts, to be disposed of, not by a jury at law, but by this court, in giving effect to the judgments of the supreme court so long as they remain unchallenged in the court where rendered and the sheriff's deeds, which are the complainant's muniments of title. *Walton* v. *American Baptist Publishing Society, 78 N. J. Eq. 263.*

In my opinion, the legal title was not in abeyance pending the appointment of a new trustee in the place of Mr. Hermans, who renounced; and, without entering into a discussion of the technical niceties of the situation in an effort to determine just where legal title reposed, it is sufficient for our purposes to hold that the judgments recovered against the various parties in the supreme court, and the successive steps taken thereunder, were effective in seizing and conveying that legal title. I feel that I am bound to thus accept and give effect to the adjudications and proceedings of the supreme court; and that their validity and effect cannot be collaterally impeached in this court in this proceeding. *Walton* v. *American Baptist Publishing Society, supra.*

It follows, therefore, that complainant is entitled to maintain her present bill for partition.

It may not be inappropriate to say that the co-tenant's rights are not affected by the judgments against the interests of the other tenants in common. Persons who might have a status to complain if the judgments were irregularly obtained are the

216 CASES IN CHANCERY, 1919–1920.

McClung Drug Co. *v.* City Realty & Invest. Co. *91 N. J. Eq.*

beneficiaries under the will of Theodore A. Schneider, the testator, or the new trustee when appointed. The defendant's cotenant is always subject to partition at the hands of whoever holds the associate interest; and he always has the right to force partition himself if he so desires.

In the present case, the defendant might well include in his answer a cross-bill himself asking for partition, and name as defendants therein the present complainant and all the other parties in whom the legal title to the undivided interest in the premises in question might have vested pending the appointment and qualifications of a new trustee. He might also petition this court for the appointment of a new trustee in the place of Mr. Hermans, and implead him when so appointed as a party defendant in his cross-bill. As to the issues that thereby might be raised, the court at this time expresses no opinion.

If counsel so desire, I will entertain an application for the appropriate amendment to the pleadings in this respect, following the appointment of the new trustees. Otherwise, I will decree that the partition proceed.